NO. 07-10-00160-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
13, 2011

 



 

PETER MARK FARMER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 59,487-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Peter Mark Farmer, was
convicted in a bench trial of aggravated robbery with a deadly weapon.[1]  Punishment was enhanced by the allegation of
one prior felony conviction.[2]  The trial court sentenced appellant to
confinement in the Institutional Division of the Texas Department of
Corrections (ID-TDCJ) for 25 years. 
Appellant perfected his appeal contending that the evidence was
insufficient to sustain the conviction. 
We affirm.

Factual and Procedural Background

            On
March 11, 2009, appellant entered the Radio Shack retail store located in the Wolflin Village shopping center in Amarillo.  After a few moments, a Radio Shack employee,
Garrett Hampton, began waiting on appellant. 
Appellant indicated he wished to purchase an iPod Touch.  Hampton retrieved the iPod Touch appellant
was interested in and proceeded to demonstrate it to appellant.  It was against store policy to allow a
customer to handle or touch the product until such time as payment was
tendered.  Appellant tendered a pre-paid
credit card, and the employee placed the iPod Touch in a sack and handed it to
appellant.  While Hampton was ringing up
the sale, appellant bolted from the store with the merchandise.  Concluding appellant was trying to steal the
iPod, Hampton gave chase, following appellant out the store entrance.  Hampton stopped immediately outside the store
entrance but continued to observe appellant until he went out of sight.  When the police arrived, Hampton gave a
statement to the officers about his observations.

            Joshua
Scott Carson was also shopping in the Radio Shack store when appellant bolted
out the front door.  Carson followed
appellant and the clerk out the door. 
When the clerk stopped immediately outside the door, Carson continued
trying to catch appellant.  Appellant
went around the side of another business adjacent to the Radio Shack store, and
Carson got to within about five or six feet of appellant.  Appellant turned and pulled a knife out of
his pocket and threatened to stab Carson if he came any closer.  Carson testified that the knife blade was
about six inches long.  Carson testified
that at this particular point in time he was frightened.  As a result of appellant’s threat, Carson
kept back but continued to follow about 20 feet behind appellant.  He observed appellant get into a vehicle and
leave the scene.  Carson wrote the
vehicle license plate number down and later gave it to the police, along with a
statement about what he observed. 

            In
addition to Hampton and Carson, another customer, Nancy Wisenand,
saw appellant flee the store with the iPod. 
She gave a statement to the police outlining her observations.

            All
three witnesses were subsequently shown photographic line-ups, each of which
contained a picture of appellant.  When
observing the photographic line-ups, each witness identified appellant as the
man who committed the robbery.  At trial,
each of the witnesses testified and identified appellant as the perpetrator of
the crime.  At trial, Carson testified he
had some familiarity with knives because he collected them and was learning to
make knives.  Carson stated, from his
perspective, the knife appellant had appeared to be capable of causing serious
bodily injury or death.

            At
the conclusion of the evidence, appellant was found guilty of aggravated
robbery with a deadly weapon.  Appellant
entered a plea of true when the enhancement paragraph was read.  After hearing the evidence on punishment, the
trial court sentenced appellant to confinement in the ID-TDCJ for a term of 25
years.  This appeal followed.  By two issues, appellant contends that the
evidence is insufficient to sustain a finding of guilt.  We disagree and affirm

 

Evidentiary Sufficiency

            As
an initial consideration, we observe that appellant's appeal contends that the
evidence is factually insufficient. 
Appellant's brief was prepared and filed before the Texas Court of
Criminal Appeals issued its opinion in Brooks v. State, No. PD-0210-09, 323 S.W.3d 893, 2010 Tex.Crim.App.
LEXIS 1240, at *25-*26 (Tex.Crim.App.
Oct. 6, 2010), wherein the court ruled that there is no distinction between a claim of legal as opposed to factual insufficiency of the
evidence.  Further, the court expressly
overruled Clewis v. State, 922 S.W.2d
126 (Tex.Crim.App. 1996), and its purported
application to factual sufficiency questions. 
Id. at *57.  The court appears to urge the reviewing court
to apply a more rigorous application of the sufficiency test set forth in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).  See id.
at *58. 
Therefore, we will review appellant's claims of evidentiary sufficiency
under the standard of review set forth in Jackson.  See 443 U.S. at 319.

Standard of Review

            In
assessing the sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Id.; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). 
We measure the legal sufficiency of the evidence against a
hypothetically correct jury charge.  See
Malik v. State, 953
S.W.2d 234, 240 (Tex.Crim.App. 1997).  Finally, when reviewing all of the evidence
under the Jackson standard of review, the ultimate question is whether
the jury’s finding of guilt was a rational finding.  See Brooks,
2010 Tex.Crim.App. LEXIS 1240, at *37
(discussing Judge Cochran’s dissent in Watson v. State, 204 S.W.3d 404,
448-50 (Tex.Crim.App. 2006), as outlining the proper
application of a single evidentiary standard of review).[3]

Analysis

            Appellant
contends that the evidence is insufficient in two particulars.  First, appellant contends that the evidence
is insufficient to establish that Carson was in fear of imminent bodily injury
or death.  Second, appellant contends
that the evidence is insufficient to establish that he exhibited a deadly
weapon.  We will address both of
appellant’s concerns.

            In
order to prove appellant was guilty of aggravated robbery, as alleged in the
indictment, the State had to prove:

1.    Appellant

2.    on or about March 11, 2009,

3.    in Potter County, Texas,

4.    did then and there, while in the
course of committing theft of property

5.    with intent to obtain and maintain
control of that property,

6.    intentionally or knowingly

7.    threaten and place Joshua Scott
Carson in fear of imminent bodily injury or death,

8.    and did then and there exhibit a
deadly weapon, to-wit: a knife

9.    that in the manner of its use or
intended use was capable of causing serious bodily injury or death,

10.  during the commission
of the robbery.

See Tex. Penal
Code Ann. §§ 29.02, 29.03(a)(2) (West 2003).[4]  A knife is not a per se deadly weapon.  See
In re J.A.W., 108 S.W.3d 573, 576 (Tex.App.—Amarillo
2003, no pet.).  It can be a deadly
weapon if in the manner of its use or intended use it is capable of causing
serious bodily injury or death.  See
§ 1.07(17)(B) (West Supp. 2010).  

            Addressing
appellant’s initial contention first, we look to the testimony of Carson.  Carson testified that when he got within five
or six feet of appellant, appellant wheeled about pulling a knife.  According to Carson, appellant then
threatened to stab him with the knife if Carson got any closer.  Upon being asked what he thought after appellant
made the threat to him, Carson replied, “I don’t want to be stabbed.”  Carson then stated he was scared,
specifically he was scared of internal injuries.  This was the testimony that supports the
judgment of guilt regarding the issue of fear of imminent bodily injury or
death.

            Turning
our attention to appellant’s second contention, that the evidence was
insufficient to establish that appellant exhibited a deadly weapon.  The record demonstrates that Carson was
within five to six feet of the knife in question.  Further, Carson was able to clearly see and
describe the blade of the weapon as being approximately six inches in
length.  Finally, appellant turned back
toward Carson while drawing the knife and then threatened to stab Carson with
the knife.  Additionally, Carson
testified that, being a collector, he was familiar with knives and was learning
how to make knives.  In Carson’s opinion,
the knife in question was capable of causing serious bodily injury or death.  

            We
note that this case was tried before the court without a jury.  In a bench trial, the trial court is the sole
judge of the credibility of the witnesses and the weight to be given their
testimony.  See Adelman v.
State, 828 S.W.2d 418, 421 (Tex.Crim.App.
1992).  Carson having testified that, in
his opinion, the knife in question was capable of causing serious bodily injury
or death, it was up to the trial court to judge the
credibility of that testimony.  Further,
the statute speaks in terms of capability to cause death or serious bodily
injury, meaning that no actual death or serious bodily injury need have
occurred.  See McCain v. State,
22 S.W.3d 497, 503 (Tex.Crim.App.
2000).  To prove that a particular knife
is a deadly weapon, the State may produce testimony regarding the size of the
knife, the manner of its use, and its capability to cause serious bodily injury
or death.  See Blain v. State,
647 S.W.2d 293, 294 (Tex.Crim.App.
1983).  In addition, the fact finder may
consider the words spoken by the appellant in making a deadly weapon
finding.  See id.  

            The
testimony of Carson was that appellant threatened to stab him with a knife that
had a blade six inches long.  Further,
Carson was familiar with knives and felt threatened by appellant’s actions of
turning toward him and brandishing the knife while threatening to stab
him.  From our review of the evidence in
the light most favorable to the verdict, we cannot say a finding of guilty
beyond a reasonable doubt was an irrational finding.  Accordingly, we overrule appellant’s issues.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  

 

            








 











[1]
See
Tex. Penal Code Ann. § 29.03(a)(2) (West 2003).

 





[2]
See
id. § 12.42(c)(1).





[3]
We note that this Court has at times quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988), for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.
  





[4]
Further reference to the Texas Penal Code shall
be by reference to “section ___” or “§ ___.”