**Charles Michael BLAIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65358.**

Court of Criminal Appeals of Texas, en banc.

March 23, 1983.

Robert A. Canonico, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Russell D. Hunt, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

CLINTON, Judge.

Appellant was indicted for "using and exhibiting a deadly weapon, to wit: a knife" in committing aggravated robbery. He was found guilty by a jury which also found true the allegations of prior convictions and assessed punishment at confinement for 35 years. In the eleventh ground of error appellant challenges sufficiency of the evidence adduced at trial to prove that

the knife was a deadly weapon.[1] The knife was not introduced at trial.

The victim, a clerk in a convenience store, testified that appellant attempted to purchase items but found himself seventy five cents short. After a brief silence appellant said, "What would you do if I said this was an armed robbery?" The victim did not know whether to take the "wobbly" and obviously drunken customer seriously, and pretended to be occupied with something under the counter. Appellant said, "What do I have to do to prove it to you?"

At that point appellant displayed what the victim described as "something like a kitchen knife," about six inches long. The prosecutor asked if the knife had a sharp edge, but the victim did not know and could only say that it had a point. The victim was not asked and did not say how long the blade was.

Appellant made no effort to stab or cut the victim in any way, but the clerk testified that he was afraid he might get stabbed. The prosecutor asked, "Did you think if he stabbed you, it would hurt you in some way?" The victim simply replied, "Make me bleed."

 A knife is not a deadly weapon per se. *Williamson v. State,* 575 S.W.2d 30 (Tex.Cr.App.1979). The State can, without expert testimony, prove a particular knife to be a deadly weapon by showing its size, shape and sharpness, the manner of its use, or intended use and its capacity to produce death or serious bodily injury. *Davidson v. State,* 602 S.W.2d 272 (Tex.Cr.App.1980); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr. App.1978). In determining the deadliness of a weapon the jury may consider all of the facts of a case, including words spoken by the accused. *Williams,* supra.

In *Alvarez v. State,* 566 S.W.2d 612 (Tex.Cr.App.1978) the evidence showed that appellant brandished a "linoleum knife" as he advanced on a police officer. He swung at the officer and missed. This Court found the evidence insufficient to establish the knife was a deadly weapon in the absence of testimony as to the size of the blade, although the officer testified that the knife looked sharp and that appellant's brandishing motions put him in fear of serious bodily injury or death. In the present case we have no testimony establishing the size of the blade, the appearance of sharpness, brandishing motions, or the victim's fear of *serious* bodily injury or death. As in *Davidson,* supra, and *Williams,* supra, no wounds were inflicted. The words spoken by appellant, to the effect that the incident was an "armed robbery not show that the weapon with which he was armed was deadly.

The evidence is insufficient to show that appellant used or exhibited a deadly weapon, thereby committing *aggravated* robbery as alleged in the indictment.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal of aggravated robbery.

It is so ordered.

MILLER and CAMPBELL, JJ., dissent.

1. In an untimely pro se supplemental brief appellant again attacks the sufficiency of the evidence of deadliness, pointing the Court more directly to appropriate authority.