NO. 07-01-0105-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 28, 2002
_____

FELIPE ZAZUETA RAMOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 42,486-B; HON. JOHN BOARD, PRESIDING
_____

Before QUINN and REAVIS and JOHNSON, JJ.

Felipe Zazueta Ramos (appellant) appeals his conviction for aggravated assault. Through two issues, appellant complains that the trial court erred by 1) improperly admitting into evidence a shotgun and two shotgun shells and 2) denying appellant's request to include a definition of "'recklessly'" in the jury charge. We affirm.

### Background

Appellant was charged with aggravated assault. The evidence illustrated that he and two co-workers became entangled in a brawl. The sides drawn consisted of the two workers (a father-in-law and son-in-law) against appellant. At one point or another, meat

hooks were brandished by one or more of the combatants. Thereafter, appellant left the building, ventured to his car, removed a shotgun, returned to the scene, and shot the son-in-law. Then, he left the state.

Eventually, law enforcement officers arrested him in Arizona. While arresting him, they discovered a shotgun and shells in his car. These items were returned to Texas along with appellant and admitted into evidence at his trial. A jury subsequently convicted appellant of the charged offense.

### *Issue One*

In his first issue, appellant contends that the trial court erred in admitting the shotgun and shells into evidence. This allegedly constituted error because "their admission was neither material to a contested issue nor probative of any fact of consequence to . . . guilt or innocence." Moreover, the items were not material or probative because 1) "there was never an issue of commission of the shooting" and 2) the State "never showed that either the shotgun . . . or . . . chambered shotgun shells were the actual instruments used by [a]ppellant . . . ." We overrule the contentions for the following reasons.

As to the matter of showing whether the shotgun found was the shotgun used, this particular ground of objection was not uttered at trial. When the weapon and shells were tendered for admission, appellant simply stated: 1) "objection . . . as to relevancy," 2) "I would object . . . that it has no probative value," and 3) ". . . if it does have probative value . . . I would object on the basis that it outweighs any prejudicial effect it might have on my client."[1]

_____

[1]Regarding the latter objection, appellant apparently meant that if the evidence had probative value, it did not outweigh the prejudice which allegedly accompanied admission of the evidence.

To preserve error, one must state the grounds upon which a ruling is sought with "sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. PROC. 33.1(a)(1)(A). Merely uttering "relevancy," "no probative value," and ". . . it outweighs any prejudicial effect it might have" is not sufficiently specific to put the trial court on notice that appellant actually questioned the admissibility of the weapon and shells because they were not shown to have been the ones used to shoot the victim at bar. Nor was the nature of the objection now before us apparent from the context of the circumstances. Thus, the complaint was waived. *Gonzalez v. State*, 8 S.W.3d 640, 645-46 (Tex. Crim. App. 2000) (holding that by timely raising the matter in the trial court would have provided the trial court and the prosecution an opportunity to remove the basis of the objection).

As to the contention that the firearm and shells were irrelevant because appellant did not dispute the accusation that he shot the victim, that ground too is not inherent in or reasonably deducible from the objections described in the preceding paragraph. So, appellant again failed to preserve the complaint. Furthermore, appellant provides us neither argument explaining his contention nor authority supporting it, contrary to the dictate of appellate rule and applicable authority. TEX. R. APP. PROC. 38.1(h) (obligating an appellant to provide the court with a clear and concise argument for the contention made); *Garcia v. State,* 887 S.W.2d 862, 871 (Tex. Crim. App. 1994) (holding that the litigant must accompany his point with substantive analysis as opposed to conclusory statement). Instead, he merely suggests that because he did not dispute shooting the victim the State could not tender the weapon and shells into evidence. Given the absence

3

of explanation and citation to authority, this contention has also been waived. *Alvarado v. State,* 912 S.W.2d 199, 210 (Tex. Crim. App. 1995); Tᴇx. R. Aᴘᴘ. P. 38.1(h).

### *Issue Two*

In his second issue, appellant claims that the trial court "denied [him] a fair and impartial trial by not instructing the jury on a definition of 'reckless.'" The instruction "would have helped to explain [his] mental state . . . during his self-defensive act or at least have given the jury a legal reason to justify [his] . . . actions . . .," argues appellant. In other words, he suggests that "the act of self-defense may have been a 'reckless act' but even so, justified by the perceived threat to [him], and thus exonerated him from the crime." We overrule the point for the following reasons.

First, that appellant was entitled to an instruction on self-defense was and is highly suspect. This is so because the use of deadly force is justified only when retreat is unreasonable. Tᴇx. Pᴇɴ. Cᴏᴅᴇ Aɴɴ. §9.32(a)(2) (Vernon Supp. 2001). Appellant having left the scene, obtained a firearm, and returned to the scene *after* the skirmish started and meat hooks were brandished hardly illustrates that retreat was either unreasonable or unavailable.

Second, in arguing as he does, appellant attempts to interject into the theory of self-defense the standard of recklessness. That is, he believes that he could have recklessly acted in self-defense. Yet, one cannot accidentally or recklessly act in self-defense. *Johnson v. State*, 915 S.W.2d 653, 659 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd.); *Mock v. State*, 848 S.W.2d 215, 219 (Tex. App.--El Paso 1992, pet. ref'd.). So, he was not entitled to an instruction suggesting otherwise.

4

Accordingly, we affirm the judgment.

Per Curiam

Do not publish.