NO. 07-10-00160-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 13, 2011

PETER MARK FARMER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 59,487-B; HONORABLE JOHN B. BOARD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Peter Mark Farmer, was convicted in a bench trial of aggravated robbery with a deadly weapon.[1] Punishment was enhanced by the allegation of one prior felony conviction.[2] The trial court sentenced appellant to confinement in the Institutional Division of the Texas Department of Corrections (ID-TDCJ) for 25 years. Appellant perfected his appeal contending that the evidence was insufficient to sustain the conviction. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2003).

[2] See id. § 12.42(c)(1).

## Factual and Procedural Background

On March 11, 2009, appellant entered the Radio Shack retail store located in the Wolflin Village shopping center in Amarillo. After a few moments, a Radio Shack employee, Garrett Hampton, began waiting on appellant. Appellant indicated he wished to purchase an iPod Touch. Hampton retrieved the iPod Touch appellant was interested in and proceeded to demonstrate it to appellant. It was against store policy to allow a customer to handle or touch the product until such time as payment was tendered. Appellant tendered a pre-paid credit card, and the employee placed the iPod Touch in a sack and handed it to appellant. While Hampton was ringing up the sale, appellant bolted from the store with the merchandise. Concluding appellant was trying to steal the iPod, Hampton gave chase, following appellant out the store entrance. Hampton stopped immediately outside the store entrance but continued to observe appellant until he went out of sight. When the police arrived, Hampton gave a statement to the officers about his observations.

Joshua Scott Carson was also shopping in the Radio Shack store when appellant bolted out the front door. Carson followed appellant and the clerk out the door. When the clerk stopped immediately outside the door, Carson continued trying to catch appellant. Appellant went around the side of another business adjacent to the Radio Shack store, and Carson got to within about five or six feet of appellant. Appellant turned and pulled a knife out of his pocket and threatened to stab Carson if he came any closer. Carson testified that the knife blade was about six inches long. Carson testified that at this particular point in time he was frightened. As a result of appellant's

2

threat, Carson kept back but continued to follow about 20 feet behind appellant. He observed appellant get into a vehicle and leave the scene. Carson wrote the vehicle license plate number down and later gave it to the police, along with a statement about what he observed.

In addition to Hampton and Carson, another customer, Nancy Wisenand, saw appellant flee the store with the iPod. She gave a statement to the police outlining her observations.

All three witnesses were subsequently shown photographic line-ups, each of which contained a picture of appellant. When observing the photographic line-ups, each witness identified appellant as the man who committed the robbery. At trial, each of the witnesses testified and identified appellant as the perpetrator of the crime. At trial, Carson testified he had some familiarity with knives because he collected them and was learning to make knives. Carson stated, from his perspective, the knife appellant had appeared to be capable of causing serious bodily injury or death.

At the conclusion of the evidence, appellant was found guilty of aggravated robbery with a deadly weapon. Appellant entered a plea of true when the enhancement paragraph was read. After hearing the evidence on punishment, the trial court sentenced appellant to confinement in the ID-TDCJ for a term of 25 years. This appeal followed. By two issues, appellant contends that the evidence is insufficient to sustain a finding of guilt. We disagree and affirm

3

Evidentiary Sufficiency

As an initial consideration, we observe that appellant's appeal contends that the evidence is factually insufficient. Appellant's brief was prepared and filed before the Texas Court of Criminal Appeals issued its opinion in Brooks v. State, No. PD-0210-09, 323 S.W.3d 893, 2010 Tex.Crim.App. LEXIS 1240, at *25-*26 (Tex.Crim.App. Oct. 6, 2010), wherein the court ruled that there is no distinction between a claim of legal as opposed to factual insufficiency of the evidence. Further, the court expressly overruled Clewis v. State, 922 S.W.2d 126 (Tex.Crim.App. 1996), and its purported application to factual sufficiency questions. Id. at *57. The court appears to urge the reviewing court to apply a more rigorous application of the sufficiency test set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See id. at *58. Therefore, we will review appellant's claims of evidentiary sufficiency under the standard of review set forth in Jackson. See 443 U.S. at 319.

Standard of Review

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Id.; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). We measure the legal sufficiency of the evidence against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Finally, when reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See Brooks, 2010 Tex.Crim.App. LEXIS 1240, at *37

4

(discussing Judge Cochran's dissent in <u>Watson v. State</u>, 204 S.W.3d 404, 448-50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review).[3]

<u>Analysis</u>

Appellant contends that the evidence is insufficient in two particulars. First, appellant contends that the evidence is insufficient to establish that Carson was in fear of imminent bodily injury or death. Second, appellant contends that the evidence is insufficient to establish that he exhibited a deadly weapon. We will address both of appellant's concerns.

In order to prove appellant was guilty of aggravated robbery, as alleged in the indictment, the State had to prove:

1. Appellant

2. on or about March 11, 2009,

3. in Potter County, Texas,

4. did then and there, while in the course of committing theft of property

5. with intent to obtain and maintain control of that property,

6. intentionally or knowingly

---

[3] We note that this Court has at times quoted <u>Moreno v. State</u>, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988), for the proposition that we had to uphold the verdict of the jury unless it was irrational or unsupported by more than a mere modicum of evidence. We view such a statement, insofar as a modicum of evidence being sufficient evidence, as contrary to a rigorous application of the <u>Jackson</u> standard of review urged by the Court in <u>Brooks</u>.

7. threaten and place Joshua Scott Carson in fear of imminent bodily injury or death,

8. and did then and there exhibit a deadly weapon, to-wit: a knife

9. that in the manner of its use or intended use was capable of causing serious bodily injury or death,

10. during the commission of the robbery.

See TEX. PENAL CODE ANN. §§ 29.02, 29.03(a)(2) (West 2003).[4] A knife is not a *per se* deadly weapon. See In re J.A.W., 108 S.W.3d 573, 576 (Tex.App.—Amarillo 2003, no pet.). It can be a deadly weapon if in the manner of its use or intended use it is capable of causing serious bodily injury or death. See § 1.07(17)(B) (West Supp. 2010).

Addressing appellant's initial contention first, we look to the testimony of Carson. Carson testified that when he got within five or six feet of appellant, appellant wheeled about pulling a knife. According to Carson, appellant then threatened to stab him with the knife if Carson got any closer. Upon being asked what he thought after appellant made the threat to him, Carson replied, "I don't want to be stabbed." Carson then stated he was scared, specifically he was scared of internal injuries. This was the testimony that supports the judgment of guilt regarding the issue of fear of imminent bodily injury or death.

Turning our attention to appellant's second contention, that the evidence was insufficient to establish that appellant exhibited a deadly weapon. The record

---

[4] Further reference to the Texas Penal Code shall be by reference to "section ____" or "§ ____."

6

demonstrates that Carson was within five to six feet of the knife in question. Further, Carson was able to clearly see and describe the blade of the weapon as being approximately six inches in length. Finally, appellant turned back toward Carson while drawing the knife and then threatened to stab Carson with the knife. Additionally, Carson testified that, being a collector, he was familiar with knives and was learning how to make knives. In Carson's opinion, the knife in question was capable of causing serious bodily injury or death.

We note that this case was tried before the court without a jury. In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. See Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992). Carson having testified that, in his opinion, the knife in question was capable of causing serious bodily injury or death, it was up to the trial court to judge the credibility of that testimony. Further, the statute speaks in terms of capability to cause death or serious bodily injury, meaning that no actual death or serious bodily injury need have occurred. See McCain v. State, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). To prove that a particular knife is a deadly weapon, the State may produce testimony regarding the size of the knife, the manner of its use, and its capability to cause serious bodily injury or death. See Blain v. State, 647 S.W.2d 293, 294 (Tex.Crim.App. 1983). In addition, the fact finder may consider the words spoken by the appellant in making a deadly weapon finding. See id.

The testimony of Carson was that appellant threatened to stab him with a knife that had a blade six inches long. Further, Carson was familiar with knives and felt

7

threatened by appellant's actions of turning toward him and brandishing the knife while threatening to stab him. From our review of the evidence in the light most favorable to the verdict, we cannot say a finding of guilty beyond a reasonable doubt was an irrational finding. Accordingly, we overrule appellant's issues.

## Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

Do not publish.