NO. 07-09-00058-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
28, 2011

 



 

BUD PURDY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 84TH DISTRICT COURT OF HUTCHINSON
COUNTY;

 

NO. 10,199; HONORABLE WILLIAM D. SMITH, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Bud Purdy, was convicted
of aggravated assault with a deadly weapon[1]
and sentenced to serve 18 years in the Institutional Division of the Texas Department
of Criminal Justice (ID-TDCJ).  Appellant
appeals contending that the evidence is insufficient to support the
judgment.  We affirm.

 

 

Procedural Background

            On
original submission, appellant’s issues were that the evidence was factually
insufficient for the jury to find that the knife used in the incident was a
deadly weapon and that the victim was placed in fear of imminent bodily injury
or death.  We agreed with appellant and
issued a memorandum opinion on June 29, 2010, so stating.  See Purdy v. State, No.
07-09-00058-CR, 2010 Tex. App. LEXIS 4955 (Tex.App.—Amarillo
June 29, 2010).  The State filed a
petition for discretionary review with the Texas Court of Criminal
Appeals.  The Court of Criminal Appeals
subsequently issued its opinion on January 12, 2011, remanding the case back to
this Court for reconsideration in light of the Court’s holding in Brooks v.
State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).  See In re Purdy, No. PD-1368-10, 2011 Tex. Crim. App. LEXIS 92 (Tex.Crim.App.
Jan. 12, 2011) (decision without published opinion).  In Brooks, the Court of Criminal
Appeals declared that the standard in Jackson v. Virginia, 443 U.S. 307,
99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), “is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks, 323 S.W.3d
at 912.  We ordered the parties to
file supplemental briefs in light of the Court of Criminal Appeals’s
opinion.  We will now consider
appellant’s issues according to the standard set forth in Brooks.

Factual Background

On April 24, 2008, Skyler Hogan was walking to the home of his friend, Stetson
Reeves, in Fritch, Texas.  As Skyler walked down Bonner Street, he was approached by
appellant, who asked, “Are you the owner of a red truck?”  Skyler advised
appellant that he did not own a red truck but that his uncle did.  Appellant then stated that Skyler’s uncle owed him “$500 and jail time.”[2]
 As Skyler and
appellant continued to face each other, appellant became more and more
agitated.  Eventually, appellant pulled a
knife out of his pants pocket.  Skyler testified that he did not get a real good look at
the knife, but he described it as being about one inch wide, tapered to a sharp
point, and with a blade that he estimated to be three inches long.[3]  Skyler further
testified that, during the time appellant was holding the open knife, appellant
kept saying “I’ll stab you, I’m crazy” or “I’m psycho, I’ll stab you.”  In describing how he reacted to appellant’s
statements, Skyler explained that it caused him
concern.  Later, during further
examination by the State, Skyler said that the open
knife caused him to feel threatened.  Skyler did admit that, at one point during the
confrontation with appellant, he told appellant to put the knife away and that
he did not know why appellant would want to stab him.  As Skyler’s friend,
Stetson Reeves, walked up to the confrontation, he could see appellant holding
the knife.  Stetson’s testimony confirmed
Skyler’s description of the knife.  Upon Stetson’s arrival, appellant put the
knife back in his pocket and walked away.   


Approximately a week after the confrontation,
Deputy Eric Munoz of the Hutchinson County Sheriff’s Office went to appellant’s
home, and began visiting with him about the assault on Skyler.  Initially, Munoz suspected appellant’s
roommate, Charles Beaver, was the assailant. 
However, Munoz testified that, as he spoke with appellant about the incident,
appellant began acting extremely nervous. 
After observing appellant’s demeanor, Munoz began focusing his questions
on appellant having been the assailant. 
Appellant then admitted that he was the one who approached Skyler,
however, he denied ever pulling a knife. 
After initially confronting appellant, Munoz called Skyler
on a cell phone and had him come to the location where Munoz was interviewing
appellant.  Upon seeing appellant, Skyler advised Munoz that appellant was the man who had
assaulted him.  

Munoz continued to interview
appellant and positioned his patrol car such that he was able to record a
significant portion of the interview. 
During the interview, appellant admitted that he did confront Skyler about someone owing him $500 and 15 days because of
the fine and jail sentence he had received in the earlier assault case.  Ultimately, Munoz presented a report of his
investigation to the Hutchinson County District Attorney, and appellant was
indicted for the instant offense.  A jury
convicted appellant and sentenced him to serve 18 years confinement in the
ID-TDCJ.

By two issues, appellant contends
that the evidence is insufficient to support the judgment as to the deadly
weapon allegation and, further, the evidence is insufficient to show that the
victim was placed in fear of imminent bodily injury or death.  Disagreeing with appellant’s contentions, we
will affirm the judgment.

Standard of
Review

In assessing the sufficiency of the
evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson,
443 U.S. at 319; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App.
2004).  “[O]nly
that evidence which is sufficient in character, weight, and amount to justify a
factfinder in concluding that every element of the
offense has been proven beyond a reasonable doubt is adequate to support a
conviction.”  Brooks, 323 S.W.3d
at 917 (Cochran, J., concurring).  We
remain mindful that “[t]here is no higher burden of proof in any trial,
criminal or civil, and there is no higher standard of appellate review than the
standard mandated by Jackson.”  Id.  When reviewing all of the evidence under the Jackson
standard of review, the ultimate question is whether the jury’s finding of
guilt was a rational finding.  See
id. at 906, 907 n.26 (discussing Judge
Cochran’s dissent in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of
a single evidentiary standard of review).[4]  “[T]he reviewing court is required to defer
to the jury’s credibility and weight determinations because the jury is the
sole judge of the witnesses’ credibility and the weight to be given their
testimony.”  Id.
at 899.

Analysis

The indictment charged that appellant
“did then and there intentionally and knowingly use a deadly weapon, to wit: a
knife, that in the manner of its use and intended use was capable of causing
death and serious bodily injury and did then and there intentionally and
knowingly threaten SKYLER HOGAN with imminent bodily injury by the use of said
deadly weapon.”  Appellant’s contentions
are that the evidence is insufficient as to the classification of the knife in
question as a deadly weapon, and whether Skyler Hogan
was threatened with imminent bodily injury because of the use of the
knife.  We will first address the issue
of the knife as a deadly weapon.

Deadly Weapon

            A
knife is not a per se deadly
weapon.  See In re J.A.W.,
108 S.W.3d 573, 576 (Tex.App.—Amarillo 2003, no
pet.).  It can be a deadly weapon if, in
the manner of its use or intended use, it is capable of causing death or serious
bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17)(B)
(West 2010).[5]  The statute speaks in terms of capability to
cause death or serious bodily injury, meaning that no actual death or serious
bodily injury need have occurred.  See
McCain v. State, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). 
In McCain, the Texas Court of Criminal Appeals analyzed the
interpretation of the phrase “capable of causing death or serious bodily
injury” found in section 1.07(a)(17)(B).  Id. 
The Court ultimately stated, “[t]he placement of the word ‘capable’ in
the provision enables the statute to cover conduct that threatens deadly force,
even if the actor has no intention of actually using deadly force.”  Id. 
Therefore, to prove that a particular knife is a deadly weapon, the
State may produce testimony regarding the size of the knife, the manner of its
use, and its capability to cause serious bodily injury or death.  See Blain v. State, 647 S.W.2d 293, 294 (Tex.Crim.App.
1983).  In addition, the fact finder may
consider the words spoken by the appellant in making a deadly weapon finding.  See id.  

            When,
as here, there are no injuries suffered by the victim, we look to the following
relevant factors in determining whether the knife in question was a deadly
weapon.

1.    The size, shape, and sharpness of the knife;

2.    The manner of its use or intended use;

3.    The testimony of the knife’s life-threatening
capabilities;

4.    The physical proximity between the victim and the

knife;

5.    The words spoken by appellant.

See Black v. State, No. 2-05-388-CR, 2006 Tex.
App. LEXIS 7823, at *13 (Tex.App.—Fort Worth Aug. 31,
2006, pet. ref’d) (mem.
op., not designated for publication) (citing Thomas v. State, 821 S.W.2d
616, 619-20 (Tex.Crim.App. 1991)).  No one factor is controlling, rather the fact
finder must examine all of the factors in each case to determine whether the
knife is a deadly weapon.  Id. at *14.

            The
record reflects that, when appellant approached Skyler,
he was already yelling and appeared to be upset.  Appellant continued in his agitated state,
ultimately pulling a knife from his back pocket.  After appellant produced the knife, he
threatened to stab Skyler.  Skyler’s testimony
was that appellant told him “I’ll stab you, I’m crazy” or “I’m psycho, I’ll
stab you.”  Skyler
testified that he was put in fear by these statements.  The record further reflects that the knife in
question had a blade of approximately three inches and was approximately one
inch in width at the base of the blade. 
Both Skyler and Stetson testified that the
blade ended in a sharp point. 
Additionally, the testimony reveals that appellant and Skyler were within two to three feet of each other when
this encounter occurred.  Finally, in
response to questioning by the State, Skyler
testified that the knife in question could cause serious bodily injury.  

            Applying
the guidance of Jackson, 443 U.S. at 319, and Ross, 133 S.W.3d at
620, and remembering that we must view the evidence in the light most favorable
to the verdict, we cannot say that the jury’s decision to find appellant guilty
beyond a reasonable doubt was an act of an irrational fact finder.  Accordingly, appellant’s first issue is
overruled.

Fear of Imminent Bodily Injury or
Death

            Appellant’s
second issue contends that the evidence is insufficient to support the jury’s
verdict as to the element of the offense that Skyler was
in fear of imminent bodily injury or death. 
Appellant couches his challenge in terms of whether the deadly weapon
was used or intended to be used to inflict imminent bodily injury or death.  To support his contention, appellant cites
the Court to Bell v. State, 693 S.W.2d 434, 438 (Tex.Crim.App.
1985) (en banc).  However, the citation to Bell is not
applicable for two reasons.  First, as
appellant admits in his brief, that portion of the Bell opinion he
refers us to was dictum.    Second, the issue in Bell was
whether a lesser-included charge of reckless conduct was warranted under the
facts of the aggravated assault indictment for which the defendant was being
tried.  See id. at 437-38.  

            The
indictment in the case before us required the jury to determine whether
appellant’s use of a deadly weapon did intentionally and knowingly threaten Skyler Hogan with imminent bodily injury by the use of said
deadly weapon.  Appellant would have us
graft to this indictment a requirement of actual use or intended use, which we
decline to do.  Rather, the cogent
inquiry is was the use of the deadly weapon sufficient to threaten Skyler with imminent bodily injury or death.

            We,
of course, must review the evidence in the light most favorable to the
verdict.  Brooks, 323 S.W.3d at 906. 
Referring to the evidence in the record, we know that appellant did, in
fact, use a deadly weapon.  Additionally,
we know that Skyler felt that the knife in question
was capable of causing serious bodily injury or death.  Finally,  Skyler
testified that he perceived the threat and was, in fact, put in fear of
imminent bodily injury by the combination of appellant’s verbal threats while
wielding a knife.  Under the evidence in
this case, the jury was rationally justified in finding appellant guilty beyond
a reasonable doubt.  See Jackson,
443 U.S. at 319; Ross, 133 S.W.3d at 620.  Accordingly, appellant’s second issue is
overruled.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish. 











[1] See Tex.
Penal Code Ann. § 22.02(a)(2) (Vernon Supp.
2009).

 





[2] This appears to be a reference to appellant’s prior conviction
for assault that resulted in a fine of $500 and 15 days in jail.  Appellant believed that Skyler’s
uncle, Tom Pena, had been the person who reported the assault to the police.

 





[3] During direct examination, Skyler
estimated the length of the blade by demonstrating its length on a ball point
pen.  The prosecutor then measured that
length with a ruler.





[4]
We note that this Court has, at times, quoted Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988), for the proposition that we had to uphold the verdict of the jury unless
it was irrational or unsupported by more than a mere modicum of evidence.  We view such a statement, insofar as a
modicum of evidence being sufficient evidence, as contrary to a rigorous
application of the Jackson standard of review urged by the Court in Brooks.
  





[5] Further reference to the Texas Penal Code will be by
reference to “section ___” or “§ ____.”