NO. 07-09-00058-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
JULY 28, 2011
--------------------------------------------------------------------------------

 
 BUD PURDY, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;
 
 NO. 10,199; HONORABLE WILLIAM D. SMITH, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
Appellant, Bud Purdy, was convicted of aggravated assault with a deadly weapon and sentenced to serve 18 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant appeals contending that the evidence is insufficient to support the judgment. We affirm.
 
 
 Procedural Background
 On original submission, appellant's issues were that the evidence was factually insufficient for the jury to find that the knife used in the incident was a deadly weapon and that the victim was placed in fear of imminent bodily injury or death. We agreed with appellant and issued a memorandum opinion on June 29, 2010, so stating. See Purdy v. State, No. 07-09-00058-CR, 2010 Tex. App. LEXIS 4955 (Tex.App. -- Amarillo June 29, 2010). The State filed a petition for discretionary review with the Texas Court of Criminal Appeals. The Court of Criminal Appeals subsequently issued its opinion on January 12, 2011, remanding the case back to this Court for reconsideration in light of the Court's holding in Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). See In re Purdy, No. PD-1368-10, 2011 Tex. Crim. App. LEXIS 92 (Tex.Crim.App. Jan. 12, 2011) (decision without published opinion). In Brooks, the Court of Criminal Appeals declared that the standard in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), "is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." Brooks, 323 S.W.3d at 912. We ordered the parties to file supplemental briefs in light of the Court of Criminal Appeals's opinion. We will now consider appellant's issues according to the standard set forth in Brooks.
 Factual Background
On April 24, 2008, Skyler Hogan was walking to the home of his friend, Stetson Reeves, in Fritch, Texas. As Skyler walked down Bonner Street, he was approached by appellant, who asked, "Are you the owner of a red truck?" Skyler advised appellant that he did not own a red truck but that his uncle did. Appellant then stated that Skyler's uncle owed him "$500 and jail time." As Skyler and appellant continued to face each other, appellant became more and more agitated. Eventually, appellant pulled a knife out of his pants pocket. Skyler testified that he did not get a real good look at the knife, but he described it as being about one inch wide, tapered to a sharp point, and with a blade that he estimated to be three inches long. Skyler further testified that, during the time appellant was holding the open knife, appellant kept saying "I'll stab you, I'm crazy" or "I'm psycho, I'll stab you." In describing how he reacted to appellant's statements, Skyler explained that it caused him concern. Later, during further examination by the State, Skyler said that the open knife caused him to feel threatened. Skyler did admit that, at one point during the confrontation with appellant, he told appellant to put the knife away and that he did not know why appellant would want to stab him. As Skyler's friend, Stetson Reeves, walked up to the confrontation, he could see appellant holding the knife. Stetson's testimony confirmed Skyler's description of the knife. Upon Stetson's arrival, appellant put the knife back in his pocket and walked away. 
Approximately a week after the confrontation, Deputy Eric Munoz of the Hutchinson County Sheriff's Office went to appellant's home, and began visiting with him about the assault on Skyler. Initially, Munoz suspected appellant's roommate, Charles Beaver, was the assailant. However, Munoz testified that, as he spoke with appellant about the incident, appellant began acting extremely nervous. After observing appellant's demeanor, Munoz began focusing his questions on appellant having been the assailant. Appellant then admitted that he was the one who approached Skyler, however, he denied ever pulling a knife. After initially confronting appellant, Munoz called Skyler on a cell phone and had him come to the location where Munoz was interviewing appellant. Upon seeing appellant, Skyler advised Munoz that appellant was the man who had assaulted him. 
Munoz continued to interview appellant and positioned his patrol car such that he was able to record a significant portion of the interview. During the interview, appellant admitted that he did confront Skyler about someone owing him $500 and 15 days because of the fine and jail sentence he had received in the earlier assault case. Ultimately, Munoz presented a report of his investigation to the Hutchinson County District Attorney, and appellant was indicted for the instant offense. A jury convicted appellant and sentenced him to serve 18 years confinement in the ID-TDCJ.
By two issues, appellant contends that the evidence is insufficient to support the judgment as to the deadly weapon allegation and, further, the evidence is insufficient to show that the victim was placed in fear of imminent bodily injury or death. Disagreeing with appellant's contentions, we will affirm the judgment.
 Standard of Review
In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319; Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906, 907 n.26 (discussing Judge Cochran's dissent in Watson v. State, 204 S.W.3d 404, 448 - 50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899.
 Analysis
The indictment charged that appellant "did then and there intentionally and knowingly use a deadly weapon, to wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury and did then and there intentionally and knowingly threaten SKYLER HOGAN with imminent bodily injury by the use of said deadly weapon." Appellant's contentions are that the evidence is insufficient as to the classification of the knife in question as a deadly weapon, and whether Skyler Hogan was threatened with imminent bodily injury because of the use of the knife. We will first address the issue of the knife as a deadly weapon.
Deadly Weapon
 A knife is not a per se deadly weapon. See In re J.A.W., 108 S.W.3d 573, 576 (Tex.App. -- Amarillo 2003, no pet.). It can be a deadly weapon if, in the manner of its use or intended use, it is capable of causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 2010). The statute speaks in terms of capability to cause death or serious bodily injury, meaning that no actual death or serious bodily injury need have occurred. See McCain v. State, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). In McCain, the Texas Court of Criminal Appeals analyzed the interpretation of the phrase "capable of causing death or serious bodily injury" found in section 1.07(a)(17)(B). Id. The Court ultimately stated, "[t]he placement of the word `capable' in the provision enables the statute to cover conduct that threatens deadly force, even if the actor has no intention of actually using deadly force." Id. Therefore, to prove that a particular knife is a deadly weapon, the State may produce testimony regarding the size of the knife, the manner of its use, and its capability to cause serious bodily injury or death. See Blain v. State, 647 S.W.2d 293, 294 (Tex.Crim.App. 1983). In addition, the fact finder may consider the words spoken by the appellant in making a deadly weapon finding. See id. 
 When, as here, there are no injuries suffered by the victim, we look to the following relevant factors in determining whether the knife in question was a deadly weapon.
* The size, shape, and sharpness of the knife;
* The manner of its use or intended use;
* The testimony of the knife's life-threatening capabilities;
* The physical proximity between the victim and the
knife;
* The words spoken by appellant.
See Black v. State, No. 2-05-388-CR, 2006 Tex. App. LEXIS 7823, at *13 (Tex.App. -- Fort Worth Aug. 31, 2006, pet. ref'd) (mem. op., not designated for publication) (citing Thomas v. State, 821 S.W.2d 616, 619-20 (Tex.Crim.App. 1991)). No one factor is controlling, rather the fact finder must examine all of the factors in each case to determine whether the knife is a deadly weapon. Id. at *14.
 The record reflects that, when appellant approached Skyler, he was already yelling and appeared to be upset. Appellant continued in his agitated state, ultimately pulling a knife from his back pocket. After appellant produced the knife, he threatened to stab Skyler. Skyler's testimony was that appellant told him "I'll stab you, I'm crazy" or "I'm psycho, I'll stab you." Skyler testified that he was put in fear by these statements. The record further reflects that the knife in question had a blade of approximately three inches and was approximately one inch in width at the base of the blade. Both Skyler and Stetson testified that the blade ended in a sharp point. Additionally, the testimony reveals that appellant and Skyler were within two to three feet of each other when this encounter occurred. Finally, in response to questioning by the State, Skyler testified that the knife in question could cause serious bodily injury. 
 Applying the guidance of Jackson, 443 U.S. at 319, and Ross, 133 S.W.3d at 620, and remembering that we must view the evidence in the light most favorable to the verdict, we cannot say that the jury's decision to find appellant guilty beyond a reasonable doubt was an act of an irrational fact finder. Accordingly, appellant's first issue is overruled.
Fear of Imminent Bodily Injury or Death
 Appellant's second issue contends that the evidence is insufficient to support the jury's verdict as to the element of the offense that Skyler was in fear of imminent bodily injury or death. Appellant couches his challenge in terms of whether the deadly weapon was used or intended to be used to inflict imminent bodily injury or death. To support his contention, appellant cites the Court to Bell v. State, 693 S.W.2d 434, 438 (Tex.Crim.App. 1985) (en banc). However, the citation to Bell is not applicable for two reasons. First, as appellant admits in his brief, that portion of the Bell opinion he refers us to was dictum. Second, the issue in Bell was whether a lesser-included charge of reckless conduct was warranted under the facts of the aggravated assault indictment for which the defendant was being tried. See id. at 437-38. 
 The indictment in the case before us required the jury to determine whether appellant's use of a deadly weapon did intentionally and knowingly threaten Skyler Hogan with imminent bodily injury by the use of said deadly weapon. Appellant would have us graft to this indictment a requirement of actual use or intended use, which we decline to do. Rather, the cogent inquiry is was the use of the deadly weapon sufficient to threaten Skyler with imminent bodily injury or death.
 We, of course, must review the evidence in the light most favorable to the verdict. Brooks, 323 S.W.3d at 906. Referring to the evidence in the record, we know that appellant did, in fact, use a deadly weapon. Additionally, we know that Skyler felt that the knife in question was capable of causing serious bodily injury or death. Finally, Skyler testified that he perceived the threat and was, in fact, put in fear of imminent bodily injury by the combination of appellant's verbal threats while wielding a knife. Under the evidence in this case, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. Accordingly, appellant's second issue is overruled.
 Conclusion
 Having overruled appellant's issues, we affirm the judgment of the trial court.

 Mackey K. Hancock
 Justice

Do not publish.