Affirmed; Opinion Filed October 29, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-01490-CR

_____

## DAVID LYNN ABRON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

_____

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-72686-N

_____

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

David Lynn Abron appeals from his conviction for aggravated assault with a deadly weapon. In a single issue, appellant contends the evidence is legally insufficient to prove he used a deadly weapon during the commission of the offense or that he threatened the complainant. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

## BACKGROUND AND EVIDENCE PRESENTED

Appellant waived a jury and pleaded not guilty before the trial court to aggravated assault with a deadly weapon, a knife. During the trial, Bobby Johnson testified he was retired and did yard work for extra money. He kept lawn equipment in a shed in his back yard. On July 29, 2010, someone broke into the shed and stole some of his equipment. Johnson believed appellant was the thief. To prevent another theft, Johnson put a chain and master lock on the shed door. On July 30, 2010, Johnson awoke sometime between 2:00 a.m. and 3:00 a.m. to use the bathroom. He saw two women standing on the street in front of his house. Johnson went out on the front porch and "sat low in a chair" that was hidden by a rose bush. He watched the women who were both talking on their cell phones. Suddenly, appellant walked from Johnson's back yard toward the front yard. Johnson testified he believed the women were lookouts for appellant and were talking to appellant on their phones. When Johnson confronted appellant by asking why he was coming from Johnson's back yard at that time in the morning, the women ran off. Appellant said he was looking for his dog. Johnson testified his house has a "bricked-up wall" that goes from the front yard along the side of the house to the back yard. Appellant did not have permission to be anywhere on Johnson's property. Johnson's grandson Markel came outside to see what was going on. When Markel walked toward appellant, appellant pulled out a knife. Johnson testified he saw a knife in appellant's hand, and the knife was open.

Markel Johnson testified he heard his grandfather talking to someone outside in the middle of the night. When he went outside to investigate, Markel heard his grandfather ask appellant what was he doing coming from the back yard at two o'clock in the morning. Appellant said he was looking for his dog. Markel testified he walked toward appellant, intending to "grab" him to await the police. Appellant pulled out a knife and said "get back."

-2-

Markel raised his hands and stepped away from appellant. Markel testified the knife was about "10 inches away" from him. Appellant held the knife "low down by [appellant's] waist." Markel described the knife as "about that long," and said it was the kind that "you flip in and out . . . but not a switchblade." Markel testified he was "shocked" when appellant pulled out the knife. Markel felt threatened because he believed appellant would cut him with the knife.

The trial court found appellant guilty of aggravated assault with a deadly weapon. Pursuant to an agreement between appellant and the State during the punishment phase, the trial court assessed punishment at three years' imprisonment.

## APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly threatened Markel Johnson with imminent bodily injury, and appellant used and exhibited a deadly weapon, a knife, during the commission of the assault. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2) (West 2011). A deadly weapon means "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West 2011). Objects that are not usually considered

dangerous weapons may become so, depending on the manner in which they are used during the commission of an offense. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). To prove a particular knife is a deadly weapon, the State may produce testimony regarding the size of the knife, the manner of its use, and its capability to cause serious bodily injury or death. *See Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). In addition, the fact finder may consider the words spoken by the appellant in making a deadly weapon finding. *See id.*

## DISCUSSION

Appellant contends the evidence is insufficient to prove he used or exhibited a deadly weapon because there was no evidence presented about the size, shape, or sharpness of the blade. Appellant asserts that because no threatening words were spoken, nor did he threaten the complainant with imminent bodily injury, the evidence is insufficient to support the conviction. The State responds the evidence is sufficient to prove appellant used a deadly weapon during the commission of the assault.

Johnson and Markel testified appellant pulled out a knife when Markel walked toward appellant. Markel testified the knife was only ten inches away from him, and he felt threatened when appellant pulled out the knife and ordered him to "get back." Johnson saw the blade, and Markel gave a description of the approximate size of the knife. Markel also described how appellant held the knife. Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found, beyond a reasonable doubt, that appellant intended to threaten Markel with imminent bodily injury when he pulled out the knife. Thus, the evidence is sufficient to support the conviction. We resolve appellant's sole issue against him.

-4-

We affirm the trial court's judgment.

 

 

DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111490F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

DAVID LYNN ABRON, Appellant

No. 05-11-01490-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 195th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-72686-N).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered October 29, 2012.

_____
DOUGLAS S. LANG
JUSTICE