# NO. 12-13-00384-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRANDON ANTHONY MAHONEY,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brandon Anthony Mahoney appeals his conviction for aggravated robbery, for which he was sentenced to imprisonment for fifteen years. In one issue, Appellant argues that the evidence is legally insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery and pleaded "not guilty." The matter proceeded to a bench trial.

The evidence at trial reflects that Francisco Padilla was an employee of La Unica Express restaurant. On December 7, 2012, Padilla was working the late afternoon/evening shift. During his shift, Padilla exited the back door of the restaurant to dispose of cooking oil. As Padilla returned to the restaurant, someone grabbed him from behind. Padilla struck his assailant with his elbow and turned around to see his former friend and former coworker Gabriel Perez. Appellant, whom Padilla also recognized, was standing next to Perez.

Padilla and Perez continued to fight one another. As they did so, Padilla, who was wearing two layers of shirts, felt a knife pressed against his stomach, but could not see it. He was then thrown to the ground. According to Padilla, he continued to resist, but stopped struggling

when he saw Appellant move a small knife near his neck.[1] Perez tied up Padilla, and Appellant and Perez covered his face with his apron before searching his pockets. The two took everything out of Padilla's pockets, including his cellular telephone, approximately $300 in cash, Kool brand cigarettes, and his pay stub from the restaurant. When they finished, Appellant and Perez threw Padilla into a dumpster.

Padilla was able to untie himself and escape from the dumpster. From there, he ran to the restaurant's drive through window and yelled to the person working there to call the police. Padilla was described as noticeably distraught. His clothing was torn. He had "stickers" on his pants and blood on his head and his knee.

Officers from the Lufkin Police Department arrived at the scene soon afterward. Officer José Santana noticed that Padilla had a mark on his abdomen consistent with an injury from a sharp object. He also observed that Padilla had bruises on his face. Santana went to the dumpster area behind the restaurant with Padilla and noticed that gravel and dirt had been kicked around as if there had been a scuffle there. Later, officers apprehended Perez and Appellant, who were lying on the ground in a wooded area with very dense underbrush. No knife was found on either of the suspects.[2] However, Padilla's cellular telephone, paycheck stub, and cigarettes were recovered nearby and returned to him along with $229 in cash found on Appellant. The officers brought Appellant and Perez back to the restaurant where Padilla identified them as his assailants.

Appellant testified on his own behalf. He stated that he and Perez were walking near the restaurant on their way to get a ride to Nacogdoches, Texas. Appellant further stated that Perez wanted to confront someone about an issue he had with that person. Appellant testified that he watched while Perez and Padilla argued with one another in Spanish.[3] Appellant further testified that the two got into a scuffle and Perez threw Padilla into the dumpster. Appellant denied any involvement in the altercation, but admitted that he ran away with Perez afterward. Appellant stated that the reason no knife was found is because no knife was used.

---

[1] At trial, Padilla was shown a three to four inch knife for demonstrative purposes. He identified the knife he was shown as being approximately the same length as the knife with which he was threatened.

[2] Officer Lonnie Dodd testified that the wooded area was so thick that it would be difficult to find a knife, even with a metal detector.

[3] Appellant testified that he does not speak Spanish.

2

Upon the close of evidence, the trial court found Appellant "guilty" as charged. Following a trial on punishment, the trial court sentenced Appellant to imprisonment for fifteen years. This appeal followed.

<u>**EVIDENTIARY SUFFICIENCY**</u>

In his sole issue, Appellant argues that the evidence is legally insufficient to support the trial court's finding that he used a deadly weapon during his commission of the robbery.

**<u>Standard of Review</u>**

The ***Jackson v. Virginia***[4] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

An individual is guilty of aggravated assault if he commits assault as defined in Section 22.01 of the penal code and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). A "deadly weapon" means

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
>
> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

---

[4] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

TEX. PENAL CODE ANN. § 1.07(17) (West Supp. 2013).

**Knife as a Deadly Weapon**

When the purported deadly weapon is a knife, there must be some evidence describing the physical characteristics of the knife or other evidence to allow the conclusion that the knife is a deadly weapon. *See **Blain v. State***, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983) ("In determining the deadliness of a weapon[,] the jury may consider all of the facts of a case. . . ."). This is because a knife is not a deadly weapon per se. *See* TEX. PENAL CODE ANN. § 1.07(17)(A); ***Robertson v. State***, 163 S.W.3d 730, 732 (Tex. Crim. App. 2005) ("[D]escribing an object generically as a 'knife' does not by itself establish the object as a deadly weapon by 'design' because many types of knives have an obvious other purpose (e.g. butcher knives, kitchen knives, utility knives, straight razors, and eating utensils)."); ***Sledge v. State***, No. 12-11-000026-CR, 2012 WL 3104392, at *3 (Tex. App.–Tyler July 31, 2012, pet. ref'd) (mem. op., not designated for publication).

Subsection (17)(B)'s definition encompasses conduct that threatens deadly force, even if the actor has no intention of actually using deadly force because it defines a deadly weapon as an object "capable of causing death or serious bodily injury." *See **McCain v. State***, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). We have held that a knife was a deadly weapon where the testimony showed it was used "in such a manner as to convey a threat of serious bodily injury" if the victim did not comply with the instructions of the person wielding the knife. ***Sledge***, 2012 WL 3104392, at *3 (citing ***In re D.L.***, 160 S.W.3d 155, 166 (Tex. App.–Tyler 2005, no pet.)).

The state may establish that a knife is capable of causing death or serious bodily injury through testimony about (1) the knife's size, shape, and sharpness; (2) the knife's life-threatening capabilities; (3) the manner in which the knife was used; (4) the words spoken by the defendant; (5) the physical proximity between the victim and the knife; and (6) the nature of any wounds caused by the knife. ***Rivera v. State***, 271 S.W.3d 301, 304 (Tex. App.–San Antonio 2008, no pet.). Whether a particular knife is a deadly weapon depends on the evidence. *Id.* at 305.

**Discussion**

Here, several factors favor the trial court's finding that this knife, in light of the evidence of record, is a deadly weapon. The evidence indicates that Padilla was cut on his abdomen with the knife. His wound was superficial. But the trial court reasonably could consider the fact that the knife used wounded him despite the fact that he was wearing two shirts. Further, when Padilla

saw the knife being moved in close proximity to his neck, he stopped struggling. Further still, Padilla's testimony indicates that Appellant used the knife to threaten and subdue him—once by placing it near his abdomen after he hit Perez with his elbow and, again, by placing it in close proximity to his neck to cause him to stop struggling. Moreover, Officers Dale Jowell and Lonnie Dodd testified that, based on their respective training and experience, a knife like the knife shown to Padilla at trial, which Padilla testified was similar in size to the one Appellant used, was capable of causing serious bodily injury or death.

Of course, the knife Padilla described was not recovered. But even accepting Padilla's description of the knife as true, the fact remains that his description indicates the knife was small. And the wound inflicted on Padilla by the knife was not severe. These factors weigh against the trial court's finding.

Having considered these factors and the evidence at hand in a light most favorable to the trial court's verdict, we conclude that the trial court reasonably could have found that the evidence of these factors weighed more heavily in favor of a finding that the knife was, in the manner of its use or intended use, capable of causing death or serious bodily injury. Therefore, we hold that the evidence is legally sufficient to support the trial court's deadly weapon finding. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 23, 2014

NO. 12-13-00384-CR

**BRANDON ANTHONY MAHONEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0072)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*