**Affirmed and Opinion filed August 14, 2014.**



**In The**

# Fourteenth Court of Appeals

NO. 14-13-00866-CR
NO. 14-13-00867-CR

**KELVIN DEANDREA CLARK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1366514 & 1366515**

## O P I N I O N

A jury convicted appellant, Kelvin Deandrea Clark, of the felonies of aggravated assault and possession of a controlled substance, namely between one and four grams of oxycodone. Tex. Penal Code Ann. § 22.02(a)(2); Tex. Health & Safety Code Ann. § 481.115(a). The jury assessed punishment for each offense as confinement for 30 years, and the trial court ordered the sentences to run

concurrently.  In two issues, appellant contends that (1) the trial court erred in denying his motion to suppress the oxycodone pills taken from appellant's pocket as a result of an allegedly illegal search; and (2) there is legally insufficient evidence to prove that the pocket knife involved in the aggravated assault charge was a deadly weapon.  We hold the trial court did not err in denying the motion to suppress given the officer's testimony that items he felt in patting down appellant's pockets could be weapons, and that a rational jury could reasonably conclude that appellant used a pocket knife as a deadly weapon.  We therefore affirm the judgments of the trial court.

## BACKGROUND

On October 31, 2012, a verbal altercation arose between appellant and Angelee Sereal, the manager of a Ralston Liquor Store in Houston, Texas, when appellant reached behind the counter into a restricted area.  After cursing repeatedly at Sereal, appellant began to leave the store.  Appellant then re-entered the store, reached over the counter, and attempted to slap Sereal twice.  When appellant left the store, Sereal called 9-1-1 as she walked outside.  Appellant approached Sereal again and attempted to punch her.  Sereal testified that after she dodged the attack, appellant pulled out a pocket knife and swung it at her face.  Sereal once again dodged the attack and a bystander broke up the altercation by walking appellant away from the store.

Shortly thereafter, the police arrived to investigate the reported disturbance.  Sereal described the incidents and her assailant to Officer Michael Glover.  Officer Robert Tarver notified Officer Glover that a man matching appellant's description was at a nearby bus stop.  Officer Glover approached appellant, detained him, and began to pat him down to see if he was carrying a weapon.  Upon patting down appellant's front pockets, Officer Glover felt "articles in them which we weren't

2

sure what they were," and that "could be" weapons. Officer Glover then turned appellant's pockets inside out. In the first pocket, Officer Glover found a pocket knife. In the second pocket, Officer Glover found a bag containing oxycodone pills. The officers took appellant back to the liquor store, Sereal identified him as her assailant, and the officers placed him under arrest.

Appellant filed a pretrial motion to suppress the pocket knife and the oxycodone pills, arguing both that they were seized in connection with an illegal arrest and that the search of appellant's pockets exceeded the scope of a permissible pat-down search during an investigative detention. The trial court denied the motion following a hearing held during a recess in the trial. The court did not make explicit findings of fact and neither party requested them. A jury later convicted appellant of both offenses.

## ANALYSIS

## I.    The trial court did not err in denying appellant's motion to suppress.

Appellant's first issue challenges his conviction for possession of a controlled substance. Appellant contends that the oxycodone pills recovered from his pants pocket were the product of an illegal search that exceeded the scope of a permissible pat-down search for weapons. Thus, in appellant's view, the trial court erred in admitting these pills into evidence.[1]

### A.    Standard of review and applicable law

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Douds v. State*, No. 14-12-00642-CR, 2014 WL 2619863, at *2 (Tex. App.—Houston [14th Dist.] June 5, 2014, pet. filed) (en banc). We afford almost

---

[1] On appeal, appellant does not reurge his arguments in the trial court that his arrest was illegal or that the pocket knife should have been suppressed.

3

total deference to the trial court's determinations of historical facts that the record supports, especially those based on an evaluation of credibility and demeanor. *State v. Elias*, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011). When the trial court does not make explicit findings of fact, as in this case, we review the evidence in a light most favorable to the trial court's ruling. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007). We assume that the trial court made implicit findings of fact from the evidence in the record that support its ruling. *Id.*

We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact when the resolution of those ultimate questions turns on evaluations of credibility and demeanor. *Id.* When those questions do not turn on credibility and demeanor evaluations, then the questions are reviewed *de novo*. *Id.* Thus, we review *de novo* the application of the law of search and seizure to the court's determination of historical facts. *Douds*, 2014 WL 2619863, at *2. We will uphold the court's ruling if it is correct under any theory of law applicable to the case. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

When an officer has a reasonable suspicion to believe that an individual is involved in criminal activity, then the officer may hold a brief investigative detention without first obtaining a warrant. *Carmouche v. State*, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). An accompanying pat-down search of the suspect's clothing is only justified, however, when the officer can point to specific and articulable facts that reasonably lead to the conclusion that the suspect might possess a weapon. *Id.* at 329; *see Terry v. Ohio*, 392 U.S. 1, 27 (1968). "We apply an objective standard of reasonableness in determining whether a warrantless search is justified, taking into account the facts and circumstances known to the police at the time of the search." *Colburn v. State*, 966 S.W.2d 511, 519 (Tex. Crim. App. 1998). In this context, "[t]he sole justification of the [pat-down] search

4

. . . is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Terry*, 392 U.S. at 29.

The purpose of the pat-down search "is not to discover evidence of crime," such as non-weapon contraband. *Adams v. Williams*, 407 U.S. 143, 146 (1972); *Balentine v. State*, 71 S.W.3d 763, 769 (Tex. Crim. App. 2002). Nevertheless, if an officer conducting a lawful pat-down search for weapons feels a non-weapon object "whose contour or mass makes its identity immediately apparent" as contraband, the officer may seize that object without a warrant. *Minnesota v. Dickerson*, 508 U.S. 366, 375–76 (1993). "[W]hen the conditions of th[is] 'plain feel' doctrine . . . are not present, an officer conducting a valid investigative detention must have probable cause in order to conduct a search for non-weapon contraband or other evidence." *Baldwin v. State*, 278 S.W.3d 367, 372 (Tex. Crim. App. 2009).

**B.    The evidence supports findings that a pat-down search was justified and that its reasonable scope included removing an item that felt like it "could be" a weapon.**

Appellant concedes that the temporary investigative detention and pat-down search were legal. Instead, appellant argues that Officer Glover exceeded the scope of the search for weapons by removing the bag of oxycodone pills from the second pocket after a pocket knife had been located in the first pocket. Appellant's theory is that the search of the second pocket should be characterized as a search for non-weapon contraband, so the question under *Dickerson* is whether the contraband identity of the pills was immediately apparent when the officer felt them. Because the lawfulness of possessing pills cannot be determined by touching them through clothing, appellant contends, the officer was not entitled to

5

seize the pills and they should have been suppressed.

We disagree with appellant's characterization of the search, however. The trial court could have found from the evidence that the search of the pocket containing the pills was a search for a potential weapon justified by safety considerations, not a search for non-weapon contraband. Officer Glover, who had been told that the suspect used a weapon, testified as follows regarding the pat-down search of appellant's pockets:

> His front pants pockets, they had articles in them which we weren't sure what they were. Felt items that, I guess, could be conceived as weapons. I knew the alleged weapon that was used in the offense was small and could fit in a pocket. So, when I felt something that could be those items, or could be a weapon, that's when we went in, turned it inside out.

He also testified that he was "not sure" the object he felt in the first pocket (where the knife was found) was a weapon, and that he "didn't know what" the object in the second pocket (where the pills were found) was.

Other courts have concluded that when an officer conducting a lawful pat-down search feels an object in a suspect's clothing that he reasonably believes "could be" a weapon, or is "unsure" or "does not know" whether it is a weapon, the officer may seize the object for protective reasons even if his belief turns out to be incorrect. *See Farmer v. State*, 47 S.W.3d 187, 193–94 (Tex. App.—Texarkana 2001, pet. ref'd).[2] It is when the officer "already knew" or "ha[d] concluded" the

---

[2] *See also Alexander v. State*, No. 10-12-00281-CR, 2014 WL 2466526, at *5 (Tex. App.—Waco May 29, 2014, no pet.) (mem. op., not designated for publication); *Merrill v. State*, No. 08-09-00216-CR, 2010 WL 3495955, at *2 (Tex. App.—El Paso Sept. 8, 2010, pet. ref'd) (mem. op., not designated for publication); *Raines v. State*, No. 03-08-00333-CR, 2010 WL 199663, at *3 (Tex. App.—Austin Jan. 21, 2010, no pet.) (mem. op., not designated for publication); *Johnson v. State*, No. 01-04-0493-CR, 2005 WL 2668228, at *3 (Tex. App.—Houston [1st Dist.] Oct. 20, 2005, no pet.) (mem. op., not designated for publication) (noting that officer testified she "felt a long, hard object that could be a knife," and concluding that

6

relevant portion of the clothing "contained no weapon," or the officer makes "no claim that he suspected th[e] object to be a weapon," or the court finds such a claim not to be credible or reasonable based on the information available to the officer, that the safety justification disappears; then the plain feel doctrine of *Dickerson* becomes the remaining possible basis for a lawful warrantless seizure in the course of a pat-down search. *Dickerson*, 508 U.S. at 378; *see also Graham v. State*, 893 S.W.2d 4, 8 (Tex. App.—Dallas 1994, no pet.).

Viewing Officer Glover's testimony at the suppression hearing and the evidence offered at trial prior to the hearing in the light most favorable to the trial court's ruling, there is ample specific evidence that reasonably leads to the conclusion that appellant might possess a weapon. Sereal reported the alleged assault by calling 9-1-1 and explaining what happened, including that the suspect had pulled a knife on her. Officer Glover testified he was told by dispatch that the suspect had used a weapon.

Having concluded that appellant was suspected of assault and might possess a weapon, there is also evidence that the scope of Officer Glover's ensuing pat-down search was limited to discovering any weapons appellant might possess. Under the cases discussed above, the trial court could find that it was objectively reasonable for an officer to pull from appellant's pocket an unidentifiable item that he testified felt like it "could be" a weapon. Thus, we need not apply the "plain feel" doctrine of *Dickerson*, which determines the reasonableness of seizing non-weapon objects the officer detects during a pat-down.

---

"[b]ecause sense of touch is capable of revealing the nature of an object with sufficient reliability to support a seizure, the officer was justified in seizing the [object], even though incorrect in the belief that the item was a weapon"); *Scott v. State*, No. 08-99-00207-CR, 2000 WL 1038170, at *3 (Tex. App.—El Paso July 27, 2000, no pet.) (mem. op., not designated for publication); *Haston v. State*, No. 05-98-01267-CR, 1999 WL 800891, at *2 (Tex. App.—Dallas Oct. 8, 1999, no pet.) (mem. op., not designated for publication).

Although Officer Glover had previously removed a knife from another pocket, the question is not whether a weapon had already been discovered, but "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Given the substantial safety interest at stake, we decline to hold that if an officer reasonably suspects a person is armed and finds one weapon in the course of a pat-down search, it cannot be reasonable for the officer to continue the search. Under the facts presented here, a reasonable person in Officer Glover's position could believe that his safety, or the safety of others, was threatened by a person suspected of aggravated assault with a deadly weapon, and that a complete pat-down search of the suspect's outer clothing was "reasonably related in scope" to this exigency because it was "reasonably designed to discover . . . hidden instruments for . . . assault." *Id.* at 29.

Appellant points out that Officer Glover testified on cross-examination that "pills do not feel like weapons," and that when asked if the pills in the second pocket "did not feel like a weapon," the officer responded "Right, I did not know what it was." In appellant's view, the tension between this testimony and the remainder of Officer Glover's testimony quoted above makes the record unclear, preventing the trial court from properly assessing the reasonableness of the officer's actions.[3] We disagree. The trial court is the sole trier of fact and judge of the credibility of the witnesses in a suppression hearing, and it may choose to believe or disbelieve any testimony and to resolve conflicts in testimony in any

---

[3] Appellant relies on *Paulea v. State*, 278 S.W.3d 861, 865–66 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd), in which we held an officer's meager testimony that appellant's vehicle was stopped in a moving traffic lane did not address whether appellant was impeding traffic or rendering passage unreasonably inconvenient, as required to provide probable cause for his arrest. In this case, however, the officer had been told appellant had a weapon, and his testimony addressed the key issue of whether the item he felt in the second pocket during the pat-down search could be a weapon.

8

manner supported by the record. *Wiede v. State*, 214 S.W3d 17, 24–25 (Tex. Crim. App. 2007); *Johnson v. State*, 871 S.W.2d 744, 748 (Tex. Crim. App. 1994); *Sanchez v. State*, 582 S.W.2d 813, 815 (Tex. Crim. App. 1979). Because there is evidence to support the trial court's ruling as discussed above, we hold the trial court did not err in denying appellant's motion to suppress. We overrule appellant's first issue.

## II. The evidence is sufficient to prove appellant used or exhibited a deadly weapon.

Appellant's second issue challenges his aggravated assault conviction. Appellant contends there is legally insufficient evidence to prove he used or exhibited a deadly weapon in the assault.

### A. Standard of review and applicable law

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether a rational jury could have found the elements of the offense beyond a reasonable doubt based on that evidence and any reasonable inferences therefrom. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We defer to the jury to resolve any conflicts in the evidence fairly, to weigh the evidence, and to draw reasonable inferences. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Therefore, the testimony of a single eyewitness can support a conviction. *Johnson v. State*, 421 S.W.3d 893, 896 (Tex. App.—Houston [14th Dist.] 2014, no pet.) We only ensure that the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). We do not reevaluate the weight and credibility of the evidence used to reach that decision. *Id.*

9

Under the Texas Penal Code, "[a] person commits [an aggravated assault] if the person commits assault . . . and the person . . . uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code Ann. § 22.02(a)(2). Appellant specifically challenges the sufficiency of the evidence supporting the jury's determination that the knife used or exhibited in the offense was a "deadly weapon."

A knife is not a deadly weapon per se, but the State may "prove a particular knife to be a deadly weapon by showing its size, shape, and sharpness, the manner of its use or intended use, and its capacity to produce death or serious bodily injury." *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). Expert testimony is not required. *Id.* A jury may consider all of the facts of the case in determining the deadliness of a weapon. *Id.*

### B. The evidence supports the jury's finding that the pocket knife was a deadly weapon.

Here, the record shows that appellant stepped on Sereal's foot and swung a pocket knife at her face. Sereal testified that the only reason the pocket knife did not slice her face was that she ducked out of the way. The State also offered the knife into evidence for the jury to consider its size and shape. Officer Glover testified that in his experience as a police officer that appellant's knife could "be used as a deadly weapon" and "cause serious bodily injury or death."

Appellant takes issue with the lack of specific, affirmative testimony in the record that he opened the blade of the pocket knife and the absence of an exact measurement of how close the knife came to Sereal's face. This sort of direct evidence is not required, however. *See Hatchett v. State*, 930 S.W.2d 844, 848-49 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (pocket knife found to be a deadly weapon even though evidence showed appellant did not open the blade).

10

Rather, it is for the jury to determine whether an individual used a knife as a deadly weapon by weighing the evidence before it on a case-by-case basis and using that evidence to draw reasonable inferences. *Isassi*, 330 S.W.3d at 638. Here, a jury could reasonably infer that the blade of the pocket knife was open and near Sereal's face based on her testimony that appellant was standing on her foot and that the only reason the knife did not slice her face was that she ducked.

Viewing the evidence in the light most favorable to the verdict, we hold there was sufficient evidence for a rational jury to find beyond a reasonable doubt that appellant used or exhibited a deadly weapon. *See Gear*, 340 S.W.3d at 746. Therefore, we overrule appellant's second issue.

## CONCLUSION

Having overruled each issue raised by appellant, we affirm the trial court's judgments.

/s/        J. Brett Busby
                 Justice

Panel consists of Justices Boyce, Busby, and Wise.

11