PD-1070-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/20/2015 1:13:32 AM
Accepted 2/20/2015 8:48:30 AM
ABEL ACOSTA
CLERK

PD 1070-14

# IN THE COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

_____

### ADRIAN BRONCHA ALEXANDER,

RECEIVED IN
COURT OF CRIMINAL APPEALS

February 20, 2015

ABEL ACOSTA, CLERK

Petitioner

**v.**

### THE STATE OF TEXAS,

Appellee

_____

**On Appeal from the Tenth Court of Appeals
Waco, Texas
10-12-00281-CR**

_____

### PETITIONER'S MOTION FOR REHEARING

_____

TO THE HONORABLE JUDGES OF SAID COURT:

Petitioner in the above cause respectfully moves this Court to grant a rehearing based on the following grounds:

**I.**

This Court should reconsider the PDR in this case because it is important to the jurisprudence of the State for the following reasons.

1

One question presented by this case is how far can the lower courts go in carving out an exception to the "plain feel" doctrine that never existed under Federal law (*Minnesota v. Dickerson*) or our State law as set forth by this Court. *Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000) and *Baldwin v. State*, 278 S.W. 3d 367, (Tex. Crim. App. 2009)

The "new exception" being carved out is that it is acceptable for a police officer in *Terry* situations if he feels an object during a pat-down that he believes "could be a weapon", "is unsure" or "does not know" what the item is; then the officer is justified in searching or emptying the pockets and seizing the item anyway for *protective reasons*. This "new exception" does not comport with U.S. law or this Court's pronouncements. The percolating opinions of our lower courts are increasingly deviating from the accepted principles of *Minnesota v. Dickerson* and its Texas progeny, *Baldwin* and *Carmouche*.

The latest case is *Clark v. State* 444 S.W.3d, 671 at 676-677, (Tex. App. Houston 14th 2014, pet. ref'd) which cited this case, *Alexander v. State* in support of the proposition that unless the officer "already knew" or "had concluded" the relevant portion of the clothing "contained no

weapon," or the officer makes "no claim that he suspected the object to be a weapon," or the court finds such a claim not to be credible or reasonable based on the information available to the officer, that the *safety justification* disappears; then the "plain feel" doctrine of *Dickerson* becomes the remaining possible basis for a lawful warrantless seizure in the course of a pat-down search. [1]  (emphasis added)

---

[1] Other cases cited by Clark for this "new exception" that are flying under this court's radar are:

*Raines v. State*, No. 03-08-00333-CR, 2010 Tex. App. LEXIS 422, 2010 WL '-199663, at *3 (Tex. App.-Austin Jan. 21, 2010, no pet.) (mem. op., not designated for publication):
   The officer testified "he felt a large, compact object in the rear area of (defendant's) pants … I didn't know if it might be a box of razor blades, I didn't know what it was, but for my safety, I had to find out what it was."

*Merrill v. State*, No. 08-09-00216-CR, 2010 Tex. App. LEXIS 74~ 2010 WL 3495955, at * 2 (Tex. App.-EI Paso Sept. 8, 2010, pet. ref'd) (mem. op., not designated for publication):
   The trooper noticed a "bulge" in the (defendant's) front pocket.  It felt like "a baggie".  He reached in and retrieved it.  The search was upheld because the trooper took precautionary measures (because the bulge could be a weapon).

*Johnson v. State,  Johnson v. State,* No. 01-04-0493-CR, 2005 Tex. App. LEXIS 8661, 2005 WL 2668228, at *3 (Tex. App.-Houston [1st Dist.] Oct. 20, 2005, no pet.) (mem. op., not designated for publication):
   …"long hard object" that could be a "weapon", could be a knife – was a crack pipe"

   The officers (subjectively) felt threatened prior to pat down.

*Farmer v. State*, 47 S.W.3d 187, 193-94 (Tex. App. – Texarkana 2001, pet. ref'd):

   Testified "he felt a large object…did not know whether the object was a weapon."  He then retrieved it "for his protection."

3

This "exception" just does not comport with existing law. "Moreover, even though a particular officer *might* believe a bulge conceals a weapon, a purely subjective impression is not an "objective justification" that can be judicially examined against the requirements of the Fourth Amendment.  To accept such a subjective impression without further elaboration would be tantamount to judicial acquiescence in an officer's legal determination that the requirements of the Fourth Amendment have been satisfied." *Singleton v. U.S.* 998 A.2d 295 at 302 (D.C. App. 2010)

Another question *Alexander* presents is the "catch 22" of the "do you have any ID?" question which, if the defendant answers afirmatively while handcuffed, does not authorize the officer to reach into the pocket and search without probable cause.  *Id Baldwin* at 372   However, the lower court held that if the defendant responds to such an inquiry by reaching for the pocket containing his wallet and ID, it becomes a "furtive

---

*Haston v. State*, 1999 Tex. App. LEXIS 7545, no pet.:

During frisk of Defendant's crotch area, he (officer) "felt something abnormal there".  *Unsure what it was,* but it *might* have been a weapon and as a "safety precaution", undid his belt and opened his pants. (emplasis added)

gesture" that allows the officer to reach into the pocket and retrieve the wallet. *Alexander* opinion at p 12

Finally, *Alexander* was decided before *Mathews v. State*, 431 S.W.3d 596, (Tex. Crim. App. 2014) The lower court's conclusions in *Alexander* concerning the reliability of this "911" anonymous tip differ substantially from this Court's interpretation as set forth in Appellant's PDR.

## Conclusion

The actions by the various lower courts are no longer a web of accidents, but a definite departure from the established principles and protections afforded by the Fourth Amendment. Counsel respectfully suggests that this Court's poverty of intervention will continue to manifest itself as emanations of approval of their collective actions.

## Prayer

Petitioner requests this Court to grant this motion, ultimately grant the PDR and accordingly, so prays.

Respectfully submitted,


/s/Charles W. McDonald
    Charles W. McDonald
    ATTORNEY AT LAW
    2024 Austin Avenue
    Waco, Texas 76701
    Work: (254) 752-9901
    Fax: (254) 754-1466
    SBOT No. 13538800


## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

This brief complies with the type-volume limitation of Tex. R. APP. P. 9.4(i) because it contains 829 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because it has been produced on a computer in conventional typeface using Century Schoolbook in 14 point font in the body of the brief and Century Schoolbook 12 point font in the footnotes.


/s/Charles W. McDonald
    Dated: 2-19-15

## CERTIFICATE OF SERVICE


The undersigned certifies that a true and correct copy of the above and foregoing instrument was served upon Abelino "Abel" Reyna, McLennan County Criminal District Attorney, 219 N. Sixth Street, Suite 200, Waco, Texas 76701-1363, according to rule and law, this 19th day of February, 2015.

/s/Charles W. McDonald
    Charles W. McDonald