PD-1070-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/25/2015 3:58:26 PM
Accepted 2/26/2015 1:53:12 PM
ABEL ACOSTA
CLERK

PD 1070-14

# IN THE COURT OF CRIMINAL APPEALS

## AUSTIN, TEXAS

_____

### ADRIAN BRONCHA ALEXANDER,

Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

v.

Februaary 26, 2015

### STATE OF TEXAS,

ABEL ACOSTA, CLERK

Appellee

_____

### On Appeal from the Tenth Court of Appeals
### Waco, Texas
### 10-12-00281-CR

_____

### PETITIONER'S AMENDED MOTION FOR REHEARING

_____

TO THE HONORABLE JUDGES OF SAID COURT:

Petitioner respectfully moves this Court to grant a rehearing

based on these T.R.A.P. 79.2(c)) grounds:

I.)     Contemporaneously with the denial of this PDR a lower

intermediate appellate court cited this opinion (*Alexander*) as

standing for a proposition (new exception to the "plain feel"

doctrine) that is not supported by federal law or prior decisions

of this court

II.)    The motion for rehearing sets forth a recurring theme in stop and frisk cases that has not been decided and that if the opinion is left to stand it will be in direct conflict with prior decisions of this Court.

III.)    The *Alexander* opinion was handed down before this Court decided *Mathews v. State*   431 S.W. 3rd 596 (Tex. Crim. App. 2014).  As such, the lower court's opinion concerning the reliability of "911" anonymous tips differs substantially from this Court's interpretation of tips of that nature.

---

## I.

This Court should reconsider the PDR in this case because it is important to the jurisprudence of the State for the following reasons.

One question presented by this case is how far can the lower courts go in carving out an exception to the "plain feel" doctrine that never existed under Federal law (*Minnesota v. Dickerson*) or our State law as set forth by this Court.  *Carmouche v. State,* 10 S.W.3d 323 (Tex. Crim. App. 2000) and *Baldwin v. State*, 278 S.W. 3d 367, (Tex. Crim. App. 2009)

The "new exception" being carved out is that it is acceptable for a police officer in *Terry* situations if he feels an object during a pat-down that he believes "could be a weapon", "is unsure" or "does not know" what the item is; then the officer is justified in searching or emptying the pockets and seizing the item anyway for *protective reasons*. This "new exception" does not comport with U.S. law or this Court's pronouncements. The percolating opinions of our lower courts are increasingly deviating from the accepted principles of *Minnesota v. Dickerson* and its Texas progeny, *Baldwin* and *Carmouche*.

The latest case is *Clark v. State* 444 S.W.3d, 671 at 676-677, (Tex. App. Houston 14th 2014, pet. ref'd) which cited this case, *Alexander v. State* in support of the proposition that unless the officer "already knew" or "had concluded" the relevant portion of the clothing "contained no weapon," or the officer makes "no claim that he suspected the object to be a weapon," or the court finds such a claim not to be credible or reasonable based on the information available to the officer, that the *safety justification* disappears; then the "plain feel" doctrine of *Dickerson* becomes the remaining possible basis for a lawful warrantless seizure in

the course of a pat-down search. [1] (emphasis added)

This "exception" just does not comport with existing law. "Moreover, even though a particular officer *might* believe a bulge

---

[1] Other cases cited by Clark for this "new exception" that are flying under this court's radar are:

*Raines v. State*, No. 03-08-00333-CR, 2010 Tex. App. LEXIS 422, 2010 WL '-199663, at *3 (Tex. App.-Austin Jan. 21, 2010, no pet.) (mem. op., not designated for publication):
        The officer testified "he felt a large, compact object in the rear area of (defendant's) pants … I didn't know if it might be a box of razor blades, I didn't know what it was, but for my safety, I had to find out what it was."

*Merrill v. State*, No. 08-09-00216-CR, 2010 Tex. App. LEXIS 74~ 2010 WL 3495955, at * 2 (Tex. App.-EI Paso Sept. 8, 2010, pet. ref'd) (mem. op., not designated for publication):
        The trooper noticed a "bulge" in the (defendant's) front pocket.  It felt like "a baggie".  He reached in and retrieved it.  The search was upheld because the trooper took precautionary measures (because the bulge could be a weapon).

*Johnson v. State,  Johnson v. State,* No. 01-04-0493-CR, 2005 Tex. App. LEXIS 8661, 2005 WL 2668228, at *3 (Tex. App.-Houston [1st Dist.] Oct. 20, 2005, no pet.) (mem. op., not designated for publication):
        …"long hard object" that could be a "weapon", could be a knife – was a crack pipe"

        The officers (subjectively) felt threatened prior to pat down.

*Farmer v. State*, 47 S.W.3d 187, 193-94 (Tex. App. – Texarkana 2001, pet. ref'd):

        Testified "he felt a large object…did not know whether the object was a weapon."  He then retrieved it "for his protection."

*Haston v. State*, 1999 Tex. App. LEXIS 7545, no pet.:

        During frisk of Defendant's crotch area, he (officer) "felt something abnormal there".  *Unsure what it was,* but it *might* have been a weapon and as a "safety precaution", undid his belt and opened his pants. (emplasis added)

4

conceals a weapon, a purely subjective impression is not an "objective justification" that can be judicially examined against the requirements of the Fourth Amendment. To accept such a subjective impression without further elaboration would be tantamount to judicial acquiescence in an officer's legal determination that the requirements of the Fourth Amendment have been satisfied." *Singleton v. U.S.* 998 A.2d 295 at 302 (D.C. App. 2010)

## II

Another question *Alexander* presents is the "catch 22" of the "do you have any ID?" question which, if the defendant answers affirmatively while handcuffed, does not authorize the officer to reach into the pocket and search without probable cause. *Id Baldwin* at 372    However, the lower court held that if the defendant responds to such an inquiry by reaching for the pocket containing his wallet and ID, it becomes a "furtive gesture" that allows the officer to reach into the pocket and retrieve the wallet. *Alexander* opinion at p 12

## III

Finally, *Alexander* was decided before *Mathews v. State*, 431 S.W.3d 596, (Tex. Crim. App. 2014)  The lower court's conclusions in *Alexander*

concerning the reliability of this "911" anonymous tip differ substantially from this Court's interpretation as set forth in Appellant's PDR.

## Conclusion

The actions by the various lower courts are no longer a web of accidents, but a definite departure from the established principles and protections afforded by the Fourth Amendment. Counsel respectfully suggests that this Court's poverty of intervention will continue to manifest itself as emanations of approval of their collective actions.

## Prayer

Petitioner requests this Court to grant this motion, ultimately grant the PDR and accordingly, so prays.

Respectfully submitted,

/s/Charles W. McDonald
Charles W. McDonald
ATTORNEY AT LAW
2024 Austin Avenue
Waco, Texas 76701
Work: (254) 752-9901
Fax: (254) 754-1466
SBOT No. 13538800

## Rule 79.2(c) CERTIFICATION

I, Charles W. McDonald, as attorney for Petitioner, certify and believe this motion is based upon substantial intervening circumstances or other significant circumstances as alleged and set forth in the motion. I further certify that this motion is made in good faith and not submitted merely for the purpose of delay.

Charles W. McDonald

SWORN TO AND SUBSCRIBED before me by Charles W. McDonald on this 20th day of February, 2015.

JOEDON SAM DELANEY
My Commission Expires
January 17, 2016

Notary Public,
State of Texas

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

This brief complies with the type-volume limitation of Tex. R. APP. P. 9.4(i) because it contains ____ words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because it has been produced on a computer in conventional typeface using Century Schoolbook in 14 point font in the body of the brief and Century Schoolbook 12 point font in the footnotes.

/s/Charles W. McDonald
Dated: 2-20-15

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing instrument was served upon Abelino "Abel" Reyna, McLennan County Criminal District Attorney, 219 N. Sixth Street, Suite 200, Waco, Texas 76701-1363, according to rule and law, this 20th day of February, 2015.

/s/Charles W. McDonald
Charles W. McDonald