**Modified and Affirmed and Opinion Filed May 25, 2023**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01020-CR

**ADAM TAYLOR BARENSPRUNG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-80151-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Miskel
Opinion by Justice Reichek

Following a jury trial, Adam Taylor Barensprung appeals his conviction for aggravated robbery. In two issues, appellant contends the evidence is legally insufficient to support his conviction and the trial court erred in refusing to charge the jury on a lesser included offense. In a cross-point, the State asks this Court to modify the judgment to accurately reflect appellant's plea to an enhancement paragraph. As modified, we affirm the trial court's judgment.

## Background

The indictment alleged two alternate theories of aggravated robbery. It alleged that while in the course of committing theft of property and with intent to obtain or maintain control of said property, appellant intentionally or knowingly threatened or placed Christopher Williams in fear of imminent bodily injury or death and appellant used or exhibited a deadly weapon, a knife. A second paragraph alleged that while in the course of committing theft of property and with intent to obtain or maintain control of said property, appellant intentionally, knowingly, or recklessly caused bodily injury to Williams by dragging him with a motor vehicle and appellant used or exhibited a deadly weapon, a motor vehicle.

There were two witnesses at trial, both called by the State—Williams and Senior Corporal John Eubanks with the Dallas Police Department. Williams testified that on November 13, 2018, he went to a RaceTrac store in Collin County. As he was parking, he saw two men in black trench coats walking up to the store, but it did not seem out of the ordinary. One of the men was later identified as appellant. Williams left his car keys in the ignition when he went inside. The two men entered the store after he did. While at the cash register, Williams saw appellant leave the store and get into the driver's seat of Williams's car. Appellant's companion tried but failed to stop Williams from exiting the store.

–2–

Williams confronted appellant, who claimed to own the car. Williams opened the driver's door, but appellant put the car in reverse and backed up, dragging Williams with him as Williams held onto the door. Appellant backed into another car and then drove forward, still dragging Williams. Williams was "grabbing at stuff" and hitting appellant to stop him from taking the car. The car stopped when appellant hit a pole in the parking lot. Williams then got into the back seat and hit appellant a couple of times. Appellant pulled out a knife. Williams put one arm under appellant's neck and hit him again. Appellant dropped the knife and got out of the car. Williams put the knife on top of his car and then gained control of appellant until the police arrived.

Williams was injured as a result of being dragged. His leg was "tore up" and he had some bruising. In addition, his big toes are "always numb."

Surveillance cameras at the RaceTrac captured the incident on video, which was shown to the jury. In addition, the knife was admitted into evidence during the testimony of Senior Corporal Eubanks, who was dispatched to the crime scene. Police located the knife on the hood of Williams's car and found a knife sheath on appellant.

The jury charge gave the jury three options: (1) find appellant guilty of aggravated robbery, (2) find him guilty of the lesser included offense of robbery, or (3) find him not guilty. Appellant asked the trial court to also charge the jury on the lesser included offense of unauthorized use of a motor vehicle ("UUMV"). The trial

court denied the request. The jury found appellant guilty of aggravated robbery as charged in the indictment, and the trial court assessed his punishment at 20 years' confinement. This appeal followed.

## Sufficiency of the Evidence

In his second issue, appellant argues the evidence is legally insufficient to support his conviction under either theory of aggravated robbery. We address this issue first because appellant asks for an acquittal. Appellant asserts the evidence is insufficient to show he used either the knife or the car as a deadly weapon. He also contends the evidence is insufficient to show he threatened or placed Williams in fear of imminent bodily injury or death.

In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243, 243–44 (Tex. Crim. App. 2019). This standard requires that we defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). Each fact need not point directly and independently to guilt if the cumulative force

of all incriminating circumstances is sufficient to support the conviction. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018).

Section 29.02 of the penal code provides that a person commits the offense of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a). "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft. *Id.* § 29.01(1). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(8). Penal code § 29.03, as it applies in this case, provides that a person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon. *Id.* § 29.03(a)(2).

Neither a knife nor a motor vehicle is a deadly weapon per se, but either can be found to be a deadly weapon if used in a manner that is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17)(B); *Couthren v State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019); *see Pruett v. State*, 510 S.W.3d 925, 928 (Tex. Crim. App. 2017) (motor vehicle); *Clark v. State*, 444 S.W.3d 671, 678 (Tex. App.—Houston [14th Dist.], pet. ref'd) (knife) (citing *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983)). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or

protracted loss or impairment of the function of any bodily member or organ. TEX. PENAL CODE ANN. § 1.07(a)(46). The penal code covers conduct that threatens deadly force, even if the actor has no intention of actually using deadly force. *Pruett*, 510 S.W.3d at 928.

Regarding the sufficiency of the evidence to prove the knife was a deadly weapon, appellant asserts his case is similar to another aggravated robbery case, *Blain v. State.* In *Blain*, the court of criminal appeals determined the evidence was insufficient to show the defendant used or exhibited a knife as a deadly weapon. *Blain*, 647 S.W.2d at 294. The knife was not admitted into evidence at trial. *Id.* The victim described it as "something like a kitchen knife" and did not know if it had a sharp edge. *Id.* There was no testimony about how long the blade was. *Id.* When the victim was asked if it would hurt in some way to be stabbed with the knife, he stated, "Make me bleed." *Id.*

This case is distinguishable from *Blain.* Although there was not much testimony to describe the knife, the knife was admitted into evidence and the appellate record includes a picture of it. The State showed the jury the knife's size, shape, and sharpness. *See Clark*, 444 S.W.3d at 678 (citing *Blain*, 647 S.W.2d at 294). Further, Williams testified he was in fear of imminent bodily injury or death when he saw the knife. He stated the knife scared him because "you cut me, you stick me, I could still lose my life in the back seat of the car."

Appellant further contends he did not use the knife as a deadly weapon because there is no evidence he removed it from its sheath. To the contrary, the evidence showed appellant removed the knife from its sheath. Williams did not mention a sheath. Police found the knife where Williams placed it, on the hood of his car, whereas the sheath was found on appellant. Even if appellant kept the knife in the sheath, the jury could still have rationally concluded he used or exhibited it as a deadly weapon. *See McCain v. State*, 22 S.W.3d 497, 499, 503 (Tex. Crim. App. 2000) (although defendant did not touch, brandish, refer to, or overtly display knife during aggravated robbery, he used or exhibited it as deadly weapon when complainant saw it partly sticking out of defendant's back pocket); *Andrew v. State*, No. 07-01-0465-CR, 2002 WL 31757649, at *2 (Tex. App.—Amarillo Dec. 9, 2002, pet. ref'd) (not designated for publication) (evidence sufficient to show defendant used or exhibited deadly weapon where defendant threatened bodily injury to victim with sheathed knife). We conclude the evidence—the knife itself and Williams's testimony about its use—is legally sufficient to show appellant used or exhibited the knife as a deadly weapon.

In addition, appellant contends the State did not prove the theory of the offense involving the knife because the evidence is insufficient to show he placed Williams in fear of imminent bodily injury or death. Appellant argues that because Williams engaged physically with him, Williams was unafraid. Whether Williams feared imminent bodily injury or death was an issue for the jury to determine. As the

–7–

exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, the jury was entitled to believe Williams's testimony that he feared imminent bodily injury or death when appellant displayed the knife. *See Johnson v. State*, 176 S.W.3d 74, 77 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The evidence is legally sufficient to show that while in the course of committing theft of property and with intent to obtain or maintain control of said property, appellant intentionally or knowingly threatened or placed Williams in fear of imminent bodily injury or death and used or exhibited a knife as a deadly weapon.

Appellant also challenges the sufficiency of the evidence to show he used the vehicle as a deadly weapon. Since we have concluded the evidence is sufficient to support the conviction under the first theory alleged in the indictment, it is not necessary to reach this issue. The evidence is nevertheless sufficient to show appellant used the car as a deadly weapon too.

In arguing that he did not use the car as a deadly weapon, appellant makes an argument he did not make in the trial court. He asserts it was the altercation with Williams, and Williams's actions, that caused the car to move and injure Williams. Appellant mischaracterizes the evidence in making this argument on appeal. He relies on testimony from his counsel's cross-examination of Williams. Counsel asked Williams, "The whole time you're grabbing at stuff trying to stop him somehow, correct?" Williams responded, "Yes." Defense counsel then asked Williams if it was his "jerk of the wheel that pushed you guys into that pole?"

–8–

Williams said he did not "have the steering wheel then." This is the only mention of Williams touching the steering wheel.

There is no evidence that Williams's actions caused the car to drive. It is undisputed that appellant put the car in reverse and "gunned it." Williams testified that appellant "put the car in reverse and drug me to hit another car." The video shows that the vehicle backs up immediately after Williams confronted appellant and opened the car door. Appellant's trial counsel acknowledged that appellant caused the car to move. In questioning Williams about the video, counsel stated, "It appears we can see white smoke come from the tires because [appellant] put the car in drive or reverse" and "on that video we can see white smoke come because he's just gunning trying to get away from you." Williams was outside the car when it started moving and until it stopped, and there is no evidence he had access to the accelerator.

The jury was free to believe Williams's testimony, and the video evidence, that appellant quickly backed the car up and then drove it forward, dragging Williams through the parking lot. Williams was afraid that if his legs went under the car, they would have "snapped." The evidence is sufficient to show appellant used the motor vehicle in a manner that was capable of causing death or serious bodily injury.

In his briefing on the issue of whether he used the vehicle as a deadly weapon, appellant repeats his assertion that there is insufficient evidence he placed Williams

–9–

in fear of imminent bodily injury or death. Under the theory of the offense involving the car as a deadly weapon, however, the State was not required to prove appellant placed Williams in fear of imminent bodily injury or death. Appellant was charged with actually causing Williams bodily injury by dragging him with a motor vehicle. *See* TEX. PENAL CODE ANN. § 29.02(a)(1). We overrule appellant's second issue.

**Lesser Included Offense**

In his first issue, appellant contends the trial court erred by failing to instruct the jury on the lesser included offense of UUMV. A person commits UUMV if he intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07(a). When appellant asked the trial court to charge the jury on UUMV, the State opposed the request because it was undisputed that appellant and Williams had an altercation about appellant's use of the car. Appellant asserted he was entitled to the instruction because the elements of UUMV were present. The trial court denied appellant's request.

We review a trial court's refusal to submit a lesser included offense instruction for an abuse of discretion. *Chavez v. State*, No. PD-0759-21, 2023 WL 2994981, at *2 (Tex. Crim. App. Apr. 19, 2023). In determining whether a defendant is entitled to a lesser included offense instruction, we engage in a two-step analysis. *George v. State*, 634 S.W.3d 929, 937 (Tex. Crim. App. 2021). First, we determine whether the offense contained in the requested instruction is a lesser included offense of the

charged offense. *Id.* This is a question of law that does not depend on the evidence produced at trial. *Id.* Unauthorized use of a motor vehicle can be a lesser included offense of aggravated robbery. *Griffin v. State*, 614 S.W.2d 155, 158 n.4 (Tex. Crim. App. [Panel Op.] 1981) (UUMW is lesser included offense of theft, which in turn can be lesser included offense of aggravated robbery); *Teague v. State*, 789 S.W.2d 380, 382 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Thus we focus on the second step of the analysis. We must determine whether the evidence admitted at trial would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *George*, 634 S.W.3d at 937. That requirement is met if there is (1) evidence that directly refutes or negates other evidence establishing the greater offense and raises the lesser included offense or (2) evidence that is susceptible to different interpretations, one of which refutes or negates an element of the greater offense and raises the lesser offense. *Ritcherson v. State*, 568 S.W.3d 667, 671 (Tex. Crim. App. 2018). The evidence raising the lesser offense must be affirmatively in the record. *Id.* A jury's ability to disbelieve evidence establishing commission of the greater offense is insufficient by itself to justify submission of a lesser included offense instruction. *Chavez*, 2023 WL 2994981, at *3. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge. *George*, 634 S.W.3d at 937.

Appellant contends he was entitled to a UUMV instruction because there is more than a scintilla of evidence that he was trying only to steal the vehicle. He

–11–

again argues it is likely that Williams's actions during the altercation caused the vehicle to move.

Appellant did not testify or present any evidence. As we explained above in connection with appellant's sufficiency argument, there was no affirmative evidence that Williams, not appellant, caused the car to move when Williams confronted appellant in the parking lot. Appellant attempted to speed away in Williams's car, claiming it belonged to him. Although appellant intentionally or knowingly operated Williams's car without his consent, the elements of UUMV, nothing in the evidence raises the possibility that was all he did. It is undisputed that in the course of taking Williams's car, appellant dragged Williams with the car, injuring him, and threatened him with a knife. There was no evidence to permit a jury rationally to find that if appellant was guilty, he was guilty only of UUMV. The trial court did not err in refusing appellant's requested instruction. We overrule appellant's first issue.

**Cross-Point**

The State raises a cross-point asking this Court to modify the trial court's judgment to accurately reflect appellant's plea to an enhancement paragraph in the indictment. The record reflects that at the punishment phase, appellant pleaded "not true" to an enhancement paragraph that alleged a prior felony conviction. The judgment, however, states that appellant pleaded "true."

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to reflect that appellant pleaded true to the enhancement paragraph.

As modified, we affirm the trial court's judgment.

/Amanda L. Reichek//

221020f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b).

AMANDA L. REICHEK
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ADAM TAYLOR
BARENSPRUNG, Appellant

No. 05-22-01020-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-80151-
2019.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant pleaded "Not True" to the first enhancement paragraph.

As modified, the judgment is **AFFIRMED**.

Judgment entered this 25th day of May, 2023.